UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KENDRICK PERRY

      Plaintiff,

v.                                         Case No.:   2:25-cv-340-SPC-KCD

MARGARET O. STEINBECK *et al.*,

      Defendants.
_____/

## OPINION AND ORDER

Before the Court is Plaintiff Kendrick Perry's Complaint for Damages Under 42 U.S.C. § 1983 (Doc. 1).  Perry, an inmate in Lee County Jail, sues three Florida judges, two probation officers, three prosecutors, and a sheriff's deputy for their role in his arrest and conviction in two criminal cases in the 20th Judicial Circuit Court in and for Lee County Florida—Case Nos. 24-CF-014955 and 24-MM-023771.[1]  United States Magistrate Judge Kyle Dudek granted Perry leave to proceed *in forma pauperis*, so the Court must review the Complaint *sua sponte* to determine whether it is frivolous or malicious, fails to state a claim, or seeks monetary damages against a party who is immune from such relief.  *See* 28 U.S.C. 1915(e)(2).

---

[1] The Court takes judicial notice of the documents on the online dockets for Perry's state criminal cases.

Federal Rule of Civil Procedure 12(b)(6) provides the standard for screening complaints under § 1915. *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). A district court should dismiss a claim when a party does not plead facts that make the claim facially plausible. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a court can draw a reasonable inference, based on facts pled, that the opposing party is liable for the alleged misconduct. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)). And a plaintiff must allege more than labels and conclusions amounting to a formulaic recitation of the elements of a cause of action. *Twombly*, 550 U.S. at 555.

To state a § 1983 claim, a plaintiff must allege that (1) the defendant deprived him of a right secured under the Constitution or federal law, and (2) the deprivation occurred under color of state law. *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (citing *Arrington v. Cobb Cnty.*, 139 F.3d 865, 872 (11th Cir. 1998)). In addition, a plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1059 (11th Cir. 2001).

Perry alleges Judge Margaret Steinbeck issued an arrest warrant based on probation officer Adam Harvin's affidavit of violation of probation—Harvin's supervisor Kathleen Walther approved it. Perry claims the affidavit was defective under Florida law. Deputy J. Tolley executed the warrant and arrested Perry. Assistant state attorneys Stephanie Russell and Alexis Adams charged Perry with resisting, obstructing, or opposing an officer executing an arrest. Perry pled *nolo contendere*, and Judge Devin George adjudicated Perry guilty and sentenced him to 120 days in jail. Perry moved to withdraw his plea, but Judge George denied the motion. Judge Andrew Marcus held additional hearings in the case. Perry peppers throughout his complaint conclusory claims that the defendants lacked jurisdiction and legal justification, and he labels documents and proceedings as fraudulent without explanation. He sues the defendants for violating his Fourth, Fifth, and Fourteenth Amendment rights and requests monetary, injunctive, and declaratory relief.

Perry cannot sue the judges or prosecutors. "A judge enjoys absolute immunity from suit for judicial acts performed within the jurisdiction of his court." *McCullough v. Finley*, 907 F.3d 1324, 1330 (11th Cir. 2018). Prosecutors likewise enjoy absolute immunity from allegations stemming from their function as advocates. *Hart v. Hodges*, 587 F.3d 1288, 1295 (11th Cir. 2009). Perry's allegations against the judges and prosecutors relate entirely to

3

their participation in state criminal proceedings. They are immune from this action.

Perry fails to state a claim against deputy Tolley. "[A] valid and lawfully obtained warrant shields an officer from liability because the officer's reliance on the magistrate's probable-cause determination renders the officer's actions reasonable." *Washington v. Howard*, 25 F.4th 891, 904 (11th Cir. 2022). Perry does not allege any facts that could render the warrant invalid. His purely conclusory claims are not enough. Perry's complaint does not allege facts that support a claim against Tolley based on the arrest.

That leaves probation officials Harvin and Walther. Perry alleges Harvin submitted—and Walther approved—the violation of probation affidavit that led to Perry's arrest. The Court construes Perry's claim against Harvin and Walther as one for malicious prosecution. To prove a § 1983 malicious prosecution claim, a plaintiff must show the following '(1) a criminal prosecution instituted or continued by the present defendant; (2) with malice and without probable cause; (3) that terminated in the accused's favor; and (4) caused damage to the plaintiff accused.'" *Sevostiyanova v. Cobb Cnty. of Ga.*, 484 F. App'x 355, 357 (11th Cir. 2012) (quoting *Wood v. Kesler*, 323 F.3d 872, 881-82 (11th Cir. 2003)). Perry's claim fails on the second and third elements. He alleges no facts suggesting Harvin and Walther acted with malice or

4

without probable cause, and the subsequent criminal proceedings did not end in Perry's favor.

This action is also barred by Supreme Court precedent. In *Heck v. Humphrey*, the Supreme Court held that a § 1983 plaintiff seeking to "recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" must prove the conviction or sentence was reversed or invalidated. 512 U.S. 477, 487 (1994). The Court explained:

> A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Id.*

The Supreme Court later clarified that a plaintiff "must demonstrate, among other things, that he obtained a *favorable termination* of the underlying criminal prosecution" to avoid the *Heck* bar. *Thompson v. Clark*, 142 S. Ct. 1332, 1335 (2022). "To demonstrate a favorable termination of a criminal prosecution for purpose of the Fourth Amendment claim under § 1983 for

5

malicious prosecution, a plaintiff need only show that his prosecution ended without a conviction." *Id*.

Perry asserts his arrest and prosecution for resisting arrest violated the Fourth Amendment. But he did not obtain favorable terminations of the resisting-arrest charge. In fact, he pled *nolo contendere* and was adjudicated guilty. Judgment in Perry's favor on his Fourth Amendment claims would imply the conviction is invalid. Thus, his claims are barred by the *Heck* doctrine.

The Court will dismiss Perry's claims against the judges and prosecutors with prejudice because they are shielded by absolute immunity. Perry could conceivably state claims against the probation officials and sheriff's deputy, so the Court will dismiss his claims against them without prejudice. Even so, amendment of those claims would currently be futile due to the *Heck* bar, so the Court will enter judgment and close this case.

Accordingly, it is now

**ORDERED:**

Plaintiff Kendrick Perry's Complaint for Damages Under 42 U.S.C. § 1983 (Doc. 1) is **DISMISSED**.

1. Perry's claims against defendants Steinbeck, Marcus, George, Russell, and Adams are **DISMISSED with prejudice**.

6

2. Perry's claims against defendants Harvin, Walther, and Tolley are **DISMISSED without prejudice.**

3. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on May 19, 2025.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record